# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                                                **PLAINTIFF**

v.                              Case No. 4:18-cr-00054-03 KGB

**SPARKLE HOBBS**                                                                                  **DEFENDANT**

## ORDER

On July 26, 2021, the Court conducted a pretrial conference with counsel for the United States, defendant Sparkle Hobbs, also known as Sparkle Bryant, and counsel for Ms. Hobbs. The Court made the following rulings and addressed the following matters:

1.  The Court will inform the jury to expect that trial will take two days. The Court reviewed with counsel and defendant an anticipated schedule for trial, with the understanding that the schedule may be modified as the need arises during the course of trial based on juror schedules and counsels' schedules, requests for recesses, and other matters.

2.  The Court will seat a 12-person jury with one alternate. Defendant will be permitted 10 preemptory strikes to the 12-person panel and one strike to the alternate-panel. The government will be permitted six preemptory strikes to the 12-person panel and one strike to the alternate-panel.

3.  The Court's practice is to instruct before closing and to send an agreed-upon, admitted set of exhibits and one set of instructions to the jury room during deliberation.

4.  The Court admonishes the parties to ensure that questions for witnesses are tailored and specific. The Court will not tolerate broad, vague questions that will only confuse the jury.

5.  The Court distributed a proposed summary of the operative indictment. The government made an oral motion to dismiss without prejudice Count 4 of the operative indictment

as to Ms. Hobbs.  The Court grants the motion and dismisses without prejudice Count 4 of the operative indictment as to Ms. Hobbs.

6. Defendant will waive her right to be present at any bench conferences that might occur.

7. The parties agreed that all plea offers made by the government were conveyed to Ms. Hobbs and that she declined any such offers.

8. Before the Court is the government's notice of intent to offer Rule 404(b) evidence (Dkt. No. 160).  In its filing, the government states that it intends to offer testimony that, in 2020, Ms. Hobbs was living in a residence where Cameron Bryant was storing fentanyl meant for distribution amongst the family's paper goods in the garage (*Id.*, at 7).  According to the government, Ms. Hobbs intends to assert a general denial defense to the conspiracy charge, the possession with intent to distribute charges, the possession of a firearm in furtherance of a drug trafficking charge, and the misprision charge (*Id.*).  The government maintains that evidence of Ms. Hobbs' subsequent conduct with Mr. Bryant is offered to show intent, knowledge, and lack of mistake or accident (*Id.*).  According to the government, the 2020 evidence shows that Ms. Hobbs was living with Mr. Bryant under the same conditions that she did in 2018, where Mr. Bryant was distributing drugs and storing drugs in easily discoverable and accessible areas within her residence (*Id.*).  According to the government, the evidence is reliable as Federal Bureau of Investigation agents will testify to finding the drugs during the search of the residence and that the drugs were confirmed to be fentanyl (*Id.*).  Further, according to the government, Mr. Bryant admitted to possessing the fentanyl within his residence at 17 Connolly Court as part of his guilty plea (*Id.*, at 7-8).  The government also states that it intends to introduce as evidence a series of posts Ms. Hobbs placed on her Facebook page publicly identifying a cooperating witness (*Id.*, at

8).  The government argues that the posts are attempts to intimidate a witness and are relevant to the issue of guilt.  The Court heard argument on this motion at the pretrial conference.  Ms. Hobbs stated that she had no argument regarding Ms. Hobbs' residence in 2020 but argued against the admissibility of the Facebook posts, arguing in part that the posts do not constitute threats (Dkt. No. 170).  The Court grants the motion and will admit the Rule 404(b) evidence and Facebook posts (Dkt. No. 160).

9. Before the Court is the government's notice of intent to offer expert testimony (Dkt. No. 164).  The Court grants the government's motion to the extent that the government seeks to introduce expert testimony that is relevant under Federal Rules of Evidence 401 and 402 (Dkt. No. 164).  Ms. Hobbs responded to the notice asserting arguments premised on Federal Rule of Evidence 403 objections (Dkt. No. 169).  At this time, on the record before it, the Court overrules Ms. Hobbs' Rule 403 objections; all parties may make, and the Court will rule on, contemporaneous objections during the trial as appropriate.

10. Before the Court is a sealed motion (Dkt. No. 168).  After hearing oral argument from counsel for both parties, the Court takes the motion under advisement (Dkt. No. 168).

11. The Court will advise the jury that, from time to time, counsel and assistants may need to move in and out of the courtroom and that the jury should draw no negative conclusion from that.

So ordered this 26th day of July, 2021.

_____
Kristine G. Baker
United States District Judge